Curia, per

Evans, J.
In the consideration of the question involved in tins case, I shall assume that the verdict establishes the fact that the plaintiff’s injury was the effect of the negligence of the engineer, and then the question arises whether the railroad company is liable to one servant for an injury arising from the negligence of another servant. The business of the company is the transportation of goods and passengers. Its liability in these respects, is, in general, well defined and understood by the profession ; and if the plaintiff’s case came within any of the principles applicable to these cases, we should have no difficulty in deciding it. The application of steam power to transportation on railroads, is of recent origin, but the principle by which the liability of a carrier is fixed and ascertained, is as old as the law itself. There is nothing in the fact, that the defendant is a corporation, except that of necessity it must act altogether by agents. The liability is precisely the same as if the defendant was an individual acting by the agency of others. The principle is the same, whether you apply it to a railroad, a steamboat, a wagon, a stage coach, or a ship. If this plaintiff' is entitled to recover, I can see no reason why the owner of any of the above modes of conveyance, should not be liable under the same circumstances. If the owner of a wagon should employ two men, one to drive and the other to load, and either of them should so negligently perform his work as to injure the other, the owner of the wagon would be liable. The principle will extend to nil the vocations of life wherein more than one person is employed to effect a single object; and a new class of liabilities would arise, which I do not think has ever heretofore been supposed to exist. It is admitted, no case like the present has been found, nor is there any precedent suited to the plaintiff’s case, unless he stands in the relation of a passenger to the company. In this point of view, his counsel has chosen to regard him, for I *understand the declaration alleges ho was a passenger. Now, a passenger is every where spoken of as one who pays for *260 transportation. In all the operations necessary for this, he is passive. The moment he becomes an operator, for then his character is changed, he becomes the servant of the company, and not its passenger. It would be a confusion of terms so to regard him. He is no more a passenger than a sailor or a stage driver. There is nothing in the definition of bailment, or the classification of the different kinds of liability growing out of that relation, which applies to the plaintiff's case, and if he is entitled to recover, it must be on principles which apply equally to all operations of life in which agents are employed. There is no question that, in general, the principal is liable for the acts of the agent, performed in the execution of his agency, or in and about the business of his principal. Thus, the owners of a railroad would be liable to passengers for an injury sustained by the negligence of any of its servants, superior or subordinate, because it is implied in the undertaking to carry, not only that the road and cars are good, but that the servants employed are competent and will perform their duty. For the loss of goods, the law annexes a still greater responsibility. So, also, if one employ an agent to execute any work whereby an injury may result to a stranger, the law requires it to be done with care, and if a stranger sustain an injury, his principal is liable, as was decided in O’Connell vs. Strong, (Dud. Rep. 265.) But the plaintiff is neither a passenger nor a stranger, and if he can recover, it must be in his hermaphrodite character as a passenger fireman. In the cases above enumerated, the principal is represented by the agent, and unless he his liable, the great operations of life cannot be carried on — no man would have adequate security for his person or his property. The owner of goods would not trust them on a railroad, or a steamboat, if his only security was the liability of the mere servants employed. No passenger would commit his safety to a railroad, steamboat, or stage coach, if, in case of injury, he could look to none but the agents usually employed about these modes of transportation. So, also, no man would have any guarantee for the security of his property, if his only remedy for negligence was the irresponsible or insolvent agents which another might employ. In all these, and similar cases, the reasons of the liability of the *principal are clear, and the law books are full of cases or precedents which apply to them ; but it is not so with the plaintiff’s case; there is neither authority nor precedent for it.
It was said, in the argument, that if the engineer had been the owner of the road, he would have been liable. Of this I apprehend there would have been no doubt, but then his liability would have arisen, not from his being the owner, but because the injury arose from his own act. That he is now liable, seems to me to admit of no doubt. But it by no means follows as a consequence, that because he is liable, those who employ him are liable also. One acting as agent may subject himself to liability in a variety of cases, for which his principal would not be liable ; and this may be as well in cases of contract as in cases of tort. The extent of the liability of the principal, for the acts of the agent, can, in general, be readily ascertained from the object of the contract, and the relative position of the parties. A passenger desires to be transported from one place to another; the carrier undertakes to do this, and is liable if he fails. It is wholly immaterial by whose default the injury resulted. There has been a breach of the contract, and he has a right to look to him with *261 whom his contract was made. With the plaintiff, the defendants contracted to pay hire for his services. Is it incident to this contract that the company should guarantee him against the negligence of his co-servants ? It is admitted he takes upon himself the ordinary risks of his vocation; why not the extraordinary ones? Neither are within his contract — and I can see no reason for adding this to the already known and acknowledged liability of a carrier, without a single case or precedent to sustain it. The engineer no more represents the company than the plaintiff. Each in his several department represents his principal. The regular movement of the train of cars to its destination, is the result of the ordinary performance, by each, of his several duties. If the fireman neglects his part, the engine stands still for want of steam; if the engineer neglects his, everything runs to riot and disaster. It seems to me, it is, on the part of the several agents, a joint undertaking, where eacli one stipulates for the performance of his several part. They are not liable to the company for the conduct of each other, nor is the company liable to one for the misconduct of another; and, as a general rule, I would *say, that where there was no fault in the owner, he would be liable only for wages to his servants; and so far has this doctrine been carried, that in the case of seamen, even wages are forfeited if the vessel be lost, and no freight earned.
In the above observations, I have endeavored to confine myself strictly to the case before the Court. It is not intended to pre-judge other questions, which may arise between the company and its servants; nor do I mean to say, that a case may not occur where the owner, whether an individual or company, will be liable for the acts of one agent to another; but then it must be in such cases as where the owner employs unfit and improper persons as agents, by whose ignorance or folly another is injured. Upon such a case it will be time enough to express an opinion when it arises. The present is not such a ease. The engineer, according to the evidence was competent, though he may have been rash in the particular instance in which the plaintiff’s injury was sustained. He was known to the plaintiff as well as to the company, for it appears by the report that he selected the engineer under whom he was willing or prepared to serve. It seems to me the plaintiff is not, therefore, entitled to retain his verdict, and a motion for a new trial is granted.
Richaudson, EaRLE, Butlee, Harper, Dunkin, JJ. and CG., concurred.